### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALFONSO MOYA-BRETON,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:06-cr-00672-TC-PMW-2**<br><br>**Chief District Judge Tena Campbell**<br><br>**Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Alfonso Moya-Breton's ("Defendant") motion for leave to proceed in forma pauperis on appeal.[2]

Although Defendant has filed a motion to proceed in forma pauperis on appeal, it is possible, based upon the circumstances of this case, that he could so proceed without the need for such a motion.  Typically, when a defendant in a criminal case qualifies for court-appointed counsel at the district court level, it is unnecessary for that defendant to take any further action to proceed in forma pauperis on appeal.  *See* Fed. R. App. P. 24(a)(3) (providing, in relevant part, that "[a] party . . . who was determined to be financially unable to obtain an adequate defense in a criminal case . . . may proceed on appeal in forma pauperis without further authorization").  Defendant's case, however, does not present that typical scenario.

---

[1] *See* docket no. 33.

[2] *See* docket no. 236.

Defendant was originally provided with court-appointed counsel based upon a financial affidavit submitted to the court on September 20, 2006.[3]  On October 24, 2006, Defendant's court-appointed attorney filed a motion to withdraw as counsel of record for Defendant based on a conflict of interest.[4]  On November 6, 2006, the court allowed Defendant's first court-appointed attorney to withdraw,[5] and on November 8, 2006, the court appointed new counsel for Defendant.[6]  On December 18, 2006, Defendant's second court-appointed attorney filed a motion to withdraw as counsel of record for Defendant because he had discovered that Defendant had retained private counsel.[7]  That same day, Defendant's retained counsel entered a notice of appearance.[8]  The following day, the court allowed Defendant's second court-appointed attorney to withdraw.[9]  From that point forward at the district court level, Defendant was represented by his retained counsel.

While at one point in this case Defendant was "determined to be financially unable to obtain an adequate defense in a criminal case," *id.*, it appears that he was later able to obtain the financial resources to retain private counsel.  Based upon this obvious change in financial circumstances, the

---

[3]  *See* docket no. 4.

[4]  *See* docket no. 23.

[5]  *See* docket no. 32.

[6]  *See* docket no. 36.

[7]  *See* docket no. 40.

[8]  *See* docket no. 39.

[9]  *See* docket no. 42.

court is unwilling to allow Defendant to proceed in forma pauperis on appeal without further authorization under rule 24(a)(3).  *See id.*

The court now turns to Defendant's motion to proceed in forma pauperis on appeal.  Rule 24(a)(1) provides that a party wishing to proceed in forma pauperis on appeal must file a motion to do so at the district court level.  *See* Fed. R. App. P. 24(a)(1).  That rule also provides that the moving party "must attach an affidavit that:  (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or give security for fees or costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1)(A)–(C); *see also* Fed. R. App. P. Appendix A, Form 4 ("Affidavit to Accompany Motion for Leave to Appeal in Forma Pauperis").  Form 4 requires the moving party to provide detailed information about his or her financial situation, including, but not limited to, information about income, employment history, assets, and expenses.  *See* Fed. R. App. P. Appendix A, Form 4.

The motion before the court does not include the affidavit required by rule 24(a)(1).  Instead, Defendant's counsel supports his claim that Defendant is indigent only by noting that the court imposed no fine at Defendant's sentencing.  To explain his failure to submit the affidavit required by rule 24(a)(1), Defendant's counsel asserts that he has been unable to locate Defendant with the Federal Bureau of Prisons Inmate Locator.  While the court acknowledges Defendant's counsel's claimed difficulties in locating Defendant, those difficulties do not negate the requirements of rule 24(a)(1).  Because it does not comply with those requirements, Defendant's motion for leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS HEREBY ORDERED**, in accordance with rule 24(a)(4), that the Clerk of the Court shall notify the parties and the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") of the denial of Defendant's motion for leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(4)(A) (providing that "[t]he district clerk must immediately notify the parties and the court of appeals when the district court . . . denies a motion to proceed on appeal in forma pauperis").

Pursuant to rule 24(a)(5), if Defendant still wishes to proceed in forma pauperis on appeal, he must file a motion with the Tenth Circuit within thirty days after service of the above-referenced notice. *See* Fed. R. App. P. 24(a)(5) ("A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)."). If Defendant chooses to file said motion, it must include an affidavit in compliance with the requirements of rule 24(a)(1). *See id.* ("The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).").

**IT IS SO ORDERED**.

DATED this 22nd day of April, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge