# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFONSO MOYA-BRETON,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:06-cr-00672-TC-PMW-2<br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

This case was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Alfonso Moya-Breton's ("Defendant") motion for reconsideration of the court's denial of his motion for leave to proceed in forma pauperis on appeal.[2]

In his original motion to proceed in forma pauperis on appeal, Defendant's counsel claimed that he could not locate Defendant with the Federal Bureau of Prisons Inmate Locator and, as a result, could not have Defendant sign an affidavit of indigency to submit with the motion.[3] Defendant's counsel also noted that the court imposed no fine at Defendant's sentencing based on Defendant's indigency. For those reasons alone, Defendant's counsel requested that the court allow Defendant to proceed in forma pauperis on appeal.

---

[1] *See* docket no. 33.

[2] *See* docket no. 263.

[3] *See* docket no. 236.

On April 22, 2008, this court entered a memorandum decision and order ruling on Defendant's motion.[4]  In that order, the court determined that Defendant's motion failed to satisfy the requirements under rule 24 of the Federal Rules of Appellate Procedure, which governs motions to proceed in forma pauperis on appeal.  *See* Fed. R. App. P. 24(a)(1), (a)(3).  Consequently, the court denied Defendant's motion.

Based upon that ruling, in accordance with rule 24(a)(4), the court ordered the Clerk of the Court to notify the parties and the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") of the denial of Defendant's motion.  *See* Fed. R. App. P. 24(a)(4)(A) (providing that "[t]he district clerk must immediately notify the parties and the court of appeals when the district court . . . denies a motion to proceed on appeal in forma pauperis").  In addition, and pursuant to rule 24(a)(5), the court notified Defendant that if he still wished to proceed in forma pauperis on appeal, he must file a motion with the Tenth Circuit within thirty days after service of the above-referenced notice.  *See* Fed. R. App. P. 24(a)(5) ("A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4).").  The court further notified Defendant that if he chose to file that motion with the Tenth Circuit, he was required to include an affidavit in compliance with the requirements of rule 24(a)(1).  *See id.* ("The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action.  If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).").

---

[4] *See* docket no. 243.

Despite the court's specific direction to file a motion with the Tenth Circuit, Defendant has filed the instant motion, in which he asks the court to reconsider its denial of his original motion to proceed in forma pauperis on appeal. While it would appear that motion is procedurally improper based on the court's previous order, the court has determined that Defendant's counsel has provided a valid basis for the court to reconsider that order. Accordingly, the court will reach the merits of the motion.

In the instant motion, unlike in his original motion, Defendant asserts that Chief Judge Campbell specifically recognized during Defendant's sentencing that Defendant is indigent, entitled to proceed in forma pauperis on appeal, and entitled to appointed counsel under the Criminal Justice Act ("CJA"). In support of that assertion, Defendant's counsel has referenced and included a copy of the pertinent portion of the transcript of Defendant's sentencing hearing.[5] That portion of the transcript demonstrates that Defendant's counsel raised the issue of proceeding in forma pauperis on appeal during Defendant's sentencing and that Chief Judge Campbell did in fact determine that Defendant is indigent, eligible to proceed in forma pauperis on appeal, and should have his current counsel appointed under the CJA to represent him on appeal.

Accordingly, Defendant's motion for reconsideration of the court's denial of his original motion for leave to proceed in forma pauperis on appeal[6] is **GRANTED** and **IT IS HEREBY ORDERED**:

1.  Defendant shall be permitted to proceed in forma pauperis on appeal.

---

[5] *See* docket no. 263 at 3–4.

[6] *See* docket no. 263.

2.  Because the court previously determined that Defendant is indigent, he is eligible for CJA services.

3.  Defendant's current counsel, Edward K. Brass, is appointed under the CJA to represent Defendant on appeal.

**IT IS SO ORDERED**.

DATED this 18th day of July, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge